## WATERS v. TASKER ET AL.

### *Appeal from Lee District Court.*

This cause is closely connected with the two preceding ones. In addition to the material facts appearing in the preceding cases, the petition alleges that a daughter of Catharine Tasker has married the defendant, Crossen, and they have lived in the house occupied as a homestead by Catharine Tasker. That Catharine Tasker neglected to pay the taxes on said real estate for the year 1869, for the purpose of allowing said Crossen, her son-in-law, who was occupying the premises with her, to buy the property at tax sale, which he did October 3, 1870, and the time for redemption expired October 3, 1873. That plaintiff is the owner of more than two-thirds of all the claims against the estate of James Tasker, deceased. That the reversionary interest belonging to the estate, after the termination of the life estate of Catharine Tasker, in said lots 2 and 3, is liable for the payment of the debts of the estate.

That about August 14, 1871, petitioner sent to the auditor $29, the amount necessary to redeem said lots from the tax sale in the name of Catharine Tasker, but Crossen has procured the said Catharine to repudiate the redemption as made without her consent and against her wish. That if a tax title be allowed to be taken on said property, it will create a cloud on the interest of the estate, and interfere with the rights of plaintiff as a creditor, to the amount of $3,629.68.

Plaintiff prays an injunction restraining the treasurer from making a tax deed, and Crossen from taking a deed or assigning the certificate.

Upon this petition an injunction was ordered. On the 11th

of November, 1873, the defendants demurred to the petition and a change of venue was thereupon taken by the defendants, from the Circuit to the District Court. In February, 1874, a motion was made by plaintiff to consolidate this cause with the suit of A. J. McCrary v. Catharine Tasker, which motion was overruled.

Afterward the court sustained the demurrer to the petition. Plaintiff appeals.

*Gillmore & Anderson*, for appellant.

*Brown & Crossen*, for appellees.

DAY, J.—This case is also determined by the disposition made of the preceding ones, and must, for the reasons assigned in them, be

AFFIRMED.